FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 22 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FUTUREFUEL CHEMICAL COMPANY            PLAINTIFF

v.        Case No. 1:11-CV-00061-SWW

LONZA, INC            DEFENDANT

## STIPULATED PROTECTIVE ORDER

Pursuant to the agreement by the undersigned counsel for the parties and Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED AND DECREED that:

1. This order shall govern all documents produced, answers to interrogatories, requests for admission, deposition testimony, and other discovery conducted in this case and any motions, briefs or other filings incorporating such confidential information as hereinafter defined ("CONFIDENTIAL INFORMATION").

2. Only information which by statute is confidential or which was (a) regularly maintained in a manner designed to assure confidentiality, (b) not intentionally disclosed to the public, (c) neither included in nor the basis of matters intentionally disclosed to the public, (d) intended or of the nature that would regularly be held in confidence, (e) and/or is information containing any trade secret or other confidential, research, development, or commercial information as such terms are used in Fed. R. Civ. 26(c), and (f) delivered or conveyed in a manner to insure that it would be held in confidence shall be deemed to be CONFIDENTIAL INFORMATION. Examples include but are not limited to confidential customer data, confidential financial data, confidential product development and components.

3. Only that information which a party or witness in good faith deems to contain CONFIDENTIAL INFORMATION shall be so designated, and such designation by a party of

1

witness shall constitute a certification by that witness or its counsel that they are of the belief that such designation has been made in good faith and that there are substantial reasons to believe that the information meets the criteria stated in Paragraph 2 hereinabove.

4.  The parties shall not, without the consent of counsel of the party producing such information or further order of this Court made after notice given to all parties, disclose CONFIDENTIAL INFORMATION to any person except that such information may be disclosed to attorneys of record for parties in this case, employed or retained personnel, paralegals and support staff who are directly assisting such attorneys in this action, parties and officers and employees of the parties, witnesses or potential witnesses, stenographic reporters and any necessary secretarial, clerical or other personnel of such reporters, expert witnesses and consultants retained by the parties in connection with this proceeding, to the extent counsel deems such disclosure to be necessary for the trial or preparation for trial, including depositions and preparation for depositions, of this case, and upon written acknowledgment by such person to whom disclosure is made to abide by confidentiality requirements of this Order. This requirement of obtaining such written agreement may be satisfied by counsel for the party making the disclosure obtaining the signed acknowledgment of any such person to whom disclosure is made that he or she has read the Order and understands its provisions. Such written agreement may be made by a member of a law firm, accounting firm or other firm retained as an expert in the case on behalf of all members and staff of his or her firm. The counsel for the parties shall maintain a list of the names of all persons other than the parties, their attorneys, or members of the staffs of the law firms representing the parties, to whom any CONFIDENTIAL INFORMATION is disclosed. The parties, and counsel for the parties, are bound by the confidentiality requirements of this Order by virtue of signatures of counsel for the parties at the

conclusion of this Order.

5.      CONFIDENTIAL INFORMATION shall be utilized by any person authorized pursuant to this Order only for purposes of this litigation and for no other purpose.

6.      The designation of documents containing CONFIDENTIAL INFORMATION may be made by placing or affixing on each page thereof (in such manner as will not interfere with legibility) the following notice:

> **CONFIDENTIAL INFORMATION**
> **SUBJECT TO PROTECTIVE ORDER**

7.      Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL INFORMATION of a party or witness, said deposition or portions thereof shall be designed as containing CONFIDENTIAL INFORMATION subject to the provisions of this Order.  Such designation shall be made on the record whenever possible, but a party or witness may designate portions of depositions as containing CONFIDENTIAL INFORMATION after transcription, provided written notice of such designation is promptly given to all counsel of record herein within fourteen (14) days after the delivery of the transcript by the court reporter to those who have ordered a copy.  Prior to expiration of such fourteen-day period, information which reasonably may be anticipated to be designated as CONFIDENTIAL INFORMATION shall be treated as such by the parties.

8.      If any motion, affidavit, brief, or other document submitted to the Court during the pretrial proceedings contains any CONFIDENTIAL INFORMATION developed, revealed by, or included within any discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, document production, or otherwise, such document shall be subject to this Order and shall be filed under seal. Any party who identifies a

document which has already been filed that it believes contains CONFIDENTIAL INFORMATION and should thus be under seal shall immediately request of the Court a filing under seal, any party opposing the request shall respond within five (5) days so that the matter may be expedited for Court consideration.

9. Any party may at any time object to the designation of particular material or information as CONFIDENTIAL INFORMATION by giving written notice to the party or witness designating such information. Any such written notice shall identify the information to which the objection is directed. If the status of the information cannot be resolved within ten (10) business days of the time the notice is received (or such additional time as the designating party or witness in writing agrees), it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL INFORMATION to file, within a reasonable time thereafter, an appropriate motion requesting that the Court rule that the disputed information should not be subject to the protection invoked. The disputed material shall remain CONFIDENTIAL INFORMATION under the terms of this Order until the Court rules on such motion.

10. The parties shall make separate application to the Court as to how CONFIDENTIAL INFORMATION shall be treated at the jury trial and appeal of this matter as necessary.

11. At the conclusion of this case, by settlement or exhaustion of all appeals, all documents subject to this Order, including any summaries or copies thereof in any format or medium, shall be returned to the producing party or witness by all parties and persons to whom they have been furnished or shall be destroyed at the option of the producing party. In the event that any party is authorized to destroy physical objects and documents by the producing party,

4

such party shall certify in writing within sixty (60) days of the final termination of the litigation that it has undertaken its best efforts to destroy such physical object and documents and that such physical objects and documents have been destroyed to the best of its knowledge. Counsel may retain any of his or her work product that reflects or contains CONFIDENTIAL INFORMATION provided that such CONFIDENTIAL INFORMATION is not disclosed unless the disclosure is pursuant to agreement of the party designating it as confidential or is authorized by Court order.

12. Persons receiving CONFIDENTIAL INFORMATION, whether written or oral, shall hold such information in confidence and not disclose it either orally or in writing during the pendency of this case or thereafter except with the written agreement of the party who designated it as CONFIDENTIAL INFORMATION or pursuant to Court Order, unless such information has ceased to be CONFIDENTIAL INFORMATION by disclosure in open Court at the trial of this case.

13. Any document or information that may contain CONFIDENTIAL INFORMATION that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality thereof by written notice to the undersigned counsel for the receiving party identifying the document or information as so "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. The production or disclosure of CONFIDENTIAL INFORMATION shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. Nothing herein shall be deemed to waive any privilege recognized by law, or shall

be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

16. This Order shall not be amended except on prior notice to counsel.

_____
District Judge

Date  November 22, 2011

Approved:

BARBER, McCASKILL, JONES & HALE, P.A.
Attorneys for and on behalf of Plaintiff FutureFuel Chemical Company
400 West Capitol Avenue, Suite 2700
Little Rock, Arkansas 72201
501-372-6175

By: s/s Gail Ponder Gaines
    Gail Ponder Gaines AR BIN 86144
Charles L. Schlumberger
Everett Clarke Tucker, IV
John E. Tull, III
Attorneys for Defendant Lonza Inc.
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile:   (501) 379-7901
cschlumberger@qgtb.com
ctucker@qgtb.com
jtull@qgtb.com

By: /s/Charles L. Schlumberger
    Charles L. Schlumberger AR BIN 79253

Janeen Olsen Dougherty
Attorney for Defendant Lonza Inc.
Grey Street Legal, LLC
356 North Pottstown Pike, Suite 200
Exton, PA 19341
Telephone:    (610) 594-4739
Facsimile:     (610) 594-4733
Janeen.dougherty@greystreetlegal.com

By: /s/Janeen Dougherty
    Janeen Dougherty