**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| FUTUREFUEL CHEMICAL COMPANY | * * * | |
| Plaintiff | * * | |
| V. | * * | NO:  1:11CV00061   SWW |
| LONZA, INC. | * | |
| Defendants | * | |

## ORDER AND NOTICE REGARDING SEALED DOCUMENTS

The Court has entered an order and judgment on this date, granting summary judgment in Defendant's favor and dismissing this action with prejudice.  For reasons that follow, the Court finds that all documents filed under seal in this case should be unsealed.  The parties have ten (10) days from the entry date of this order in which to file objections to the Court's proposed course of action regarding sealed documents.

On November 22, 2011, the Court entered the parties' stipulated protective order, which states that if any motion, affidavit, brief, or other document submitted to the Court during pretrial proceedings contains confidential information, it shall  be filed under seal.  The stipulated protective order defines  "confidential information" as information regularly maintained in a manner designed to assure confidentiality, including confidential customer data, confidential financial data, and confidential product development and components.

Pursuant to the agreed protective order, the parties filed all summary judgment documents and supporting exhibits under seal.  However, the Court has supervisory power over its own records, and the decision to seal a file is within the Court's discretion.  *See Webster Groves School Dist. v. Pulitzer Pub. Co.,*  898 F.2d 1371, 1376 (8th Cir. 1990).  Given the

presumptive right of public access to the briefs and supporting documents filed at the adjudicative stage of a case, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2nd Cir. 1982).

The parties agreed to a broad definition of "confidential information," and they stipulated to all documents designated as confidential. Accordingly, the parties never demonstrated that compelling reasons necessitate that summary judgment documents remain under seal, and the Court believes that all sealed documents should be unsealed. The parties have up to and including ten (10) days from the entry of the order to file any objections to the Court's proposed course of action regarding sealed documents.

IT IS SO ORDERED THIS 13TH DAY OF SEPTEMBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE