IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FUTUREFUEL CHEMICAL COMPANY                                    PLAINTIFF

v.                      Case No. 1:11-CV-00061-SWW

LONZA, INC                                                      DEFENDANT

### MEMORANDUM BRIEF IN SUPPORT OF FFCC's RESPONSE TO LONZA'S MOTION FOR ATTORNEYS' FEES AND COSTS

FutureFuel Chemical Company (FFCC), by its attorneys Barber, McCaskill, Jones & Hale, P.A., submits the following in response to Lonza Inc.'s (hereinafter Lonza) Motion for Attorneys' Fees and Costs.

FFCC filed a Complaint against Lonza seeking recovery under theories of breach of contract, breach of implied contract and detrimental reliance/promissory estoppel. Lonza denied that a contract was formed between the parties or that it had any obligation to FFCC. Lonza filed a Motion for Summary Judgment on all counts alleged in the Compliant. The Court granted Summary Judgment on all counts and dismissed FFCC's Complaint in its entirety. FFCC has this date filed a Notice of Appeal to the Eighth Circuit Court of Appeals seeking reversal of this Court's Order granting Summary Judgment.

Lonza cites Ark. Code Ann. § 16-22-308 as the basis for its right to recovery of attorneys' fees. In a diversity action, the Court must look to state law to determine whether attorneys' fees are recoverable. Ark. Code Ann. § 16-22-308 provides in part that under limited defined circumstances the prevailing party "may be" allowed a reasonable attorneys' fee.

> The legislature's use of the word, "may", indicates that the
> legislature intended a court's award of attorney's fees pursuant to §

1

> 16-22-308 to be permissive and discretionary with the court rather than mandatory. See *Gregory v. Colvin*, 235 Ark. 1007, 363 S.W.2d 539 (1963). ... When coupled with the well-settled historical observation that attorney's fees were not recoverable at common law, See *Alyeska [Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1974)], Arkansas' rules of statutory construction mandate that § 16-22-308 be strictly construed. See, *Williams v. American Broadcasting Companies, Inc.*, 96 F.R.D. 658 (W.D. Ark. 1983); *Hartford Ins. Group v. Carter*, 251 Ark. 680, 473 S.W. 2d 918 (1971).

*Reliance Insurance Co. v. Tobi Engineering Inc.*, 735 F. Supp. 326, 328 (W.D. Ark. 1990). That court declined to award attorneys' fees to a prevailing plaintiff which asserted claims for negligence, breach of contract and breach of warranty, in part because the contract at issue did not contain a provision for the award of attorneys' fees and because the plaintiff did not prevail on all theories advanced. *Id.* See *Wilkins v. U.S. Bank Nat'l Ass'n*, 2008 U.S. Dist. LEXIS 119355 (W.D. Ark. March 21, 2008) where the court exercised its discretion and denied an award of attorneys' fees to a defendant which prevailed on summary judgment, the summary judgment order was appealed to the Eighth Circuit and then the appeal was dropped.

FFCC urges the Court to exercise its discretion and deny an award of attorneys' fees in this case. Attorneys' fees are awardable in breach of contract cases in part to avoid the need for unnecessary litigation on a matter which should be cut and dried. In the instant case Lonza argued and the Court determined on Summary Judgment that there was no contract between the parties. This expected contest over whether a contract had been formed was the basis for FFCC's inclusion of claims for implied contract and promissory estoppel/detrimental reliance. Attorneys' fees are not recoverable to the prevailing party on implied contract or detrimental reliance claims in Arkansas. *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 63, 876 S.W.2d 603 (1994) ("But the implied-in-law contract, or quasi-contract, is indeed no contract at all...We conclude

2

that there was no authority for an award of attorneys' fees in this case."); *Westside Galvanizing Services, Inc. v. Georgia-Pacific Corp.*, 921 F. 2d 735, 740 (8th Cir. 1990).

The Arkansas Court of Appeals reversed an award of attorneys' fees where the plaintiff sued under fraud and breach of contract and the trial court granted summary judgment (an equivalent procedural posture in the present case) and awarded attorneys' fees to the defendant.

> However, we do not think it is sufficient to base a fee award under § 16-22-308 upon a finding that a contract claim is a "substantial issue." Where both contract and tort claims are advanced, an award of attorneys' fees to the prevailing party is proper only when the action is primarily based in contract. See *Wheeler Motor Co., Inc. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993); *Security Pacific House. Services, Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *Stein v. Lukas*, 308 Ark. 74, 823 S.W. 2d 832 (1992); *Kinkead v. Union Nat'l Bank*, 51 Ark. App. 4, 907 S.W. 2d 154 (1995).

*Meyer v. Riverdale Harbor Municipal Prop. Owners Improvement Dist. No. 1*, 58 Ark. App. 91, 93, 947 S.W.2d 20 (1997). In each of those cited cases the appellate court concluded that an award of attorneys' fees was improper at all because the matter was not based primarily in contract. See also *Nationsbanc Mortgage Corp. v. Hopkins*, 82 Ark. App. 91, 105, 114 S.W.3d 757 (2003) ("However, an award of attorneys' fees under section 16-22-308 is proper only when the action is based primarily in contract. *Reed v. Smith Steel*, 77 Ark. App. 110, 78 S.W.3d 118 (2002). We do not view this case as one that is primarily based in contract; its true nature is an action for violation of a statute and possibly negligence."). FFCC claimed Lonza made it a promise, though a Letter of Intent, but also through multiple discussions and emails, to purchase a quantity of DEM on which FFCC relied in construction a $1.5 million DEM production facility, and Lonza did not perform. FFCC's reliance on this conduct by Lonza and whether it was justifiable and actionable is at the heart of the claim in this case and is a theory under which attorneys' fees may

not be recovered. To the extent the holding in the present case stands that there was no contract between FFCC and Lonza, this is a proper case for exercise of discretion in denying attorneys' fees as the Court has not found the claims in this case to be those which could support an award of attorneys' fees.

In the event that the Court is inclined not to outright deny Lonza's request for attorneys' fees and costs, FFCC would urge the Court to defer its ruling on the Motion until the Eighth Circuit rules on FFCC's appeal of the Court's Order granting Summary Judgment or to deny the Motion without prejudice for re-filing after the appeal has been resolved. These approaches are contemplated under Rule 54 pursuant to *Notes of Advisory Committee on 1993 amendments*. "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." "The Court believes that the most cautious and judicially efficient approach in this case is to deny Defendant's motion without prejudice pending the outcome of the appeal in this matter." *Riggs v. Valley Forge Ins. Co.*, 2010 U.S. Dist. LEXIS 61586 at *8 (W.D. Ark. June 1, 2010). Accord *Matsumura v. Benihana Nat. Corp.*, 06 CIV. 76009 (NRB), 2010 W.L. 1783552 (S.D. NY April 23, 2010); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225-26 (2nd Cir. 2004); *Lasic v. Moreno*, 2:05-CV-0161-MCE-DAD, 2007 W.L. 4180655 (E.D. Cal. November 21, 2007) (and cases cited therein); *Apeldyn Corp. v. AU Optromonics Corp.*, CIV. 08-568-SLR, 2012 W.L. 1578420 (D. Del. May 3, 2012). FFCC urges that approach in this case.

To the extent the Court rejects FFCC's arguments and elects to make an award of attorneys' fees, FFCC argues in the alternative that even Lonza recognizes that it cannot be entitled to its full attorneys' fees incurred in this case since the Court found no contract existed

4

and FFCC sought recovery under claims of implied contract and promissory estoppel/detrimental reliance for which recovery of attorneys' fees by the prevailing party is not permitted. Lonza thus suggests its recovery should be reduced by one-third. FFCC argues such a reduction is not satisfactory. Under applicable law, no recovery should be permitted at all or the recovery should be much more significantly reduced. "Nothing in that statute [Ark. Code Ann. § 16-22-308], nor in § 4-88-113(f), provides that a party is entitled to an award of all fees in cases where multiple claims have been pursued." *FMC Corp., Inc. v. Helton*, 368 Ark. 465, 488-89, 202 S.W. 3d 490 (2005). The Arkansas Supreme Court in *FMC v. Helton* concluded that the trial court abused its discretion in awarding appellees all of the attorneys' fees sought where only one of their causes of action provided for such an award. Likewise in the present case it would be contrary to Arkansas law to award Lonza all, or even two thirds of the fees it incurred since the Court found there was no contract and the case was pursued on theories of implied contract and detrimental reliance/promissory estoppel which do not permit attorney fee recovery. Given the Court's finding that no contract was formed in the present case and the fact that the case was pursued and defended on multiple theories, Lonza should not be permitted to recover its attorneys' fees or, in the alternative, such claim should be reduced to one-third of otherwise recoverable fees since the breach of contract claim was one of three pursued and defended.

A review of the bills submitted by Lonza reflect that it is seeking recovery based on hourly rates of $295 for its lead counsel Janeen Olsen Dougherty and $315 to $325 for Arkansas counsel Charles Schlumberger. FFCC contends these rates are higher than rates for which recovery should be been permitted under circumstances of this case and thus should be reduced. FFCC urges that the rates of Mr. Schlumburger should at the very least be reduced to the rate charged by Ms. Dougherty who functioned as lead counsel throughout all portions of the case having any

5

bearing on the Court's granting of Summary Judgment.

Many of the legal activities for which Lonza seeks discovery recovery are not described in sufficient detail to allow the Court to determine whether recovery is proper.

> Further, in the billing records, numerous entries are claimed for attorney conferences in which the reasons for the conferences were not described. The billing statements contained hundreds of entries for "telephone conference with," "confer with," "prepare correspondence to," "review correspondence from" and "confer with" but did not list the subject of the correspondence or the conference. Without having information explaining the nature of the correspondence and conferences, these entries are deemed unreasonable.

*Shula v. Bank of America*, 2010 U.S. Dist. LEXIS 11634 at *3 (E.D. Ark. January 22, 2010). See also *Reliance Ins. Co., supra*, 735 F. Supp. 326, 329, where the court noted that it could not award attorneys' fees where some billing statements listed dates on which services were performed but not the actual time expended on each item and others listed hours expended per month but did not describe services performed. In the present case, as reflected by Exhibit A to FFCC's Response, many of Lonza's billing entries do not provide the Court the details required concerning the subject matter of the activity in order to permit recovery. FFCC would thus urge that Lonza not be allowed to recover for activities highlighted on Exhibit A on the basis of not providing sufficient information in which to determine the reasonableness of the charges. This would include approximately 91.8 hours at the hourly rate of $295.00 for a total of $27,081 for attorney conferences, telephone conferences, correspondence and emails for which no subject matter, reason or basis was provided Further, FFCC would submit that the Court deny recovery for two attorneys on behalf of Lonza to attend a deposition and hearing -- 5 hours at the rate of $325.00 an hour for a total of $1,625.00 for the second attorney to attend the deposition of Slaton Fry and .8 hours at the rate of $325.00 an hour for a total of $260.00 for the second

attorney to attend a hearing on behalf of Lonza. "Although it might have been of great benefit to defendant to have both lead counsel and second chair counsel attend plaintiff's deposition, it would be unreasonable to require plaintiff to reimburse defendant for the fees and expense incurred by both." *Shula v. Bank of America*, 2010 U.S. Dist. LEXIS 11634, *5 (E.D. Ark. January 22, 2010).

Lonza seeks recovery for costs including deposition transcripts ($5,952.70) and copy charges ($155.72). Such should not be recoverable. See *B&B Hardware, Inc. v. Fastenal Co.*, (E.D. Ark. December 14, 2011) ("This Court, following the general practice of this district, likewise has determined that costs incurred in copying documents to be produced during discovery are not taxable as costs under § 1920."); *Coorstek, Inc. v. Electric Melting Services Co., Inc.*, 2009 U.S. Dist. LEXIS 22834, *4-5 (E.D. Ark. March 10, 2009) ("Although it is within the court's discretion to tax the costs of taking depositions, it is this Court's policy to disallow the costs for taking depositions and any fees associated therewith for discovery purposes. Accordingly, all discovery costs will be disallowed as incidental to normal preparation for trial."); *Sunbelt Exploration Co. v. Stephens Production Co.*, 320 Ark. 298, 896 S.W.2d 867 (1995) (Where the court denied recovery for deposition costs because same were not authorized by statute).

Lonza seeks recovery for attorneys' fees for activities performed after summary judgment pleadings were filed. Lonza should not be permitted to recover for costs and fees unnecessary for consideration of the summary judgment filings on which the Court's Order is based. See *Felts v. Nat'l Account Systems Ass'n.*, 83 F.R.D. 112 (N.D. Miss. 1979); *Gochis v Allstate Ins. Co.*, 162 FRD 248 (1995); *Aramburu v Boeing Co.*, 1999 U.S. Dist. LEXIS 10477 (D. Kan. 1999). In these cases the issue was the propriety of awarding costs to defendants who prevailed on summary judgment and the courts declined to award costs for deposition transcripts and the like which

were not essential for the court's consideration of summary judgment. That analysis should likewise be applied to decline to award any fees or costs subsequent to the filing of summary judgment pleadings in the present case which closed on July 2, 2012 as not essential for the development of the issues on which the Court's Summary Judgment was based.

Lonza has not established its entitlement to recovery of fees and costs. Alternatively, the Court should defer its ruling or dismiss without prejudice Lonza's Motion for Attorneys' Fees and Costs pending resolution of the appeal on the merits to the Eighth Circuit Court of Appeals of the Order granting of Summary Judgment. Alternatively, Lonza's attorneys' fees and costs recoverable should be reduced to those reasonably incurred and described for prevailing on summary judgment for the contract claim only. FFCC would submit that invoices submitted by Lonza reflect approximately 255.8 hours of attorney time for which the activity is described through date of filing of Lonza's summary judgment reply, one third of which at a rate of $250 per hour would result in fees of $21,295.35.

Respectfully submitted,

BARBER, MCCASKILL, JONES & HALE, P.A.
400 W. Capitol, Suite 2700
Little Rock, AR 72201
(501) 372-6175
ggaines@barberlawfirm.com

By: /s/ Gail Ponder Gaines
    Gail Ponder Gaines (86144)
    *Attorneys for FutureFuel Chemical Company*

## CERTIFICATE OF SERVICE

I, Gail Ponder Gaines, do hereby certify that a copy of the foregoing pleading has been duly emailed and mailed to counsel of record on this 9th day of October, 2012:

Charles L. Schlumberger
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
COUNSEL FOR LONZA INC.

and

Janeen Olsen Dougherty
Grey Street Legal, LLC
356 North Pottstown Pike, Suite 200
Exton, PA 19341
COUNSEL FOR LONZA INC.

/s/ Gail Ponder Gaines
Gail Ponder Gaines